ALAN J. LEFEBVRE, ESQ.
Nevada Bar No. 000848
MATTHEW J. CHRISTIAN, ESQ.
Nevada Bar No. 008024
**KOLESAR & LEATHAM, CHTD.**
3320 W. Sahara Avenue, Suite 380
Las Vegas, Nevada 89102
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-mail: alefebvre@klnevada.com
mchristian@klnevada.com

Attorneys for Plaintiff,
AVIATION INSURANCE HOLDINGS, INC.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AVIATION INSURANCE HOLDINGS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CARL S. SHEPHARD, f/k/a CARL S. BALDEY, a Florida resident; STERLING AVIATION INSURANCE SERVICES, LLC, a Florida limited liability company; STERLING & STERLING, INC., a New York corporation; and STERLING AVIATION, LLC, a New York limited liability company, and STERLING & STERLING OF FLORIDA, LLC, a Florida limited liability company,<br><br>Defendants. | Case No.: 2:10-cv-02201-RLH-GWF<br><br>**TEMPORARY RESTRAINING ORDER** |

Upon consideration of the Plaintiff's First Amended Complaint and Motion for Temporary Restraining Order, the Court finds that the irreparable injury suffered by Plaintiff is the damage to its business goodwill resulting from wrongful solicitation of its clients by Carl S. Shephard ("Shephard"), individually and as President of Sterling Aviation Insurance Services.

This Order has been issued *ex parte* without notice for the reason that Plaintiff has sufficiently demonstrated that Shephard (a) actively negotiated and agreed to the contract

containing the non-compete provision as to the then existing clients of Aviation Insurance Holdings, Inc. and its subsidiary Aviation Insurance Services of Florida, Inc., (b) received substantial additional compensation therefore, (c) evidence adduced demonstrates that Shephard engaged in separate subterfuge in planning his departure for several months negotiating with Sterling & Sterling, Inc. to staff its aviation insurance brokerage business, while deceiving Plaintiff into believing otherwise, and (d) because his action in violating the terms of the contract were calculated, as evidenced by the issuance of broker-of-record letters on January 28, 2011, following his last day of employment with Plaintiff, on the prior day, January 27, 2011.

**Relief, until further Order:**

a.  Defendant is restrained from calling upon, soliciting, seeking business from, working for, contacting with, performing insurance services for, or otherwise contacting any persons or entities who were at any time during Shephard's employment with Plaintiff, clients or customers of Plaintiff and with whom Shephard had contact, pursuant to ¶ 2.05 of Shephard's Employment Contract; and

b.  Defendant is prohibited from keeping, referring to, or otherwise using any of AIH's Trade Secrets, including, without limitation, any and all customer or client information, contact information, or any other information regarding AIH's business.

A bond in the amount of $500 shall be posted by the Plaintiff and not some larger amount for the reason that Defendant's actions are depriving Plaintiff of funds, in the form of insurance premium commissions. The clerk shall set the hearing on the preliminary injunction on February 17, 2011, at 2:00 p.m. o'clock.

Dated this __4th__ day of February, 2011.

_____
United States District Judge

This Temporary Restraining Order is entered this __4th__ day of February, 2011, at the hour of _2:00 o'clock p.m., upon consideration Plaintiff's *ex parte* motion.